UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ELHADJI OUSMANE TOUNKARA,                              Dkt No:

                                    Plaintiff
          —against—
                                                        COMPLAINT

REPUBLIC OF SENEGAL, PERMANENT
MISSION OF SENEGAL TO
THE UNITED NATIONS and PAPA GALLO
NDIAYE (in his official and individual
capacity)

                              Defendants

------------------------------------------------------------------X

NOW COMES ELHADJI OUSMANE TOUNKARA by and through his attorney,
REHAN NAZRALI, ESQ. as and for his complaint against the Defendants, and
respectfully shows to this Court and allege as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation by Defendants, acting in
   violation of the Foreign Sovereign Immunity Act (FSIA), ordinance, regulation,
   custom and/or usage, of a right, privilege or immunity secured to Plaintiff by
   the laws and the Constitution of the United States of America with intent to
   injure Plaintiff in his person and his civil rights, all of which arise under Federal
   Law, particularly Title 28 U.S.C. §§ 1605(a)(5) and the Constitution, Laws and
   Statutes of the United States and the State of New York.

## JURISDICTION AND VENUE

2. This action arises under Federal Law, particularly Title 28 U.S.C. §§ 1605(a)(5), the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States. This Court also has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1330, and 1331. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

4. At all times hereinafter mentioned, Plaintiff, ELHADJI OUSMANE TOUNKARA ,(hereinafter "Plaintiff") was a resident and still is a resident of the County of Bronx, City and State of New York. Plaintiff resides at 1187 Clay Avenue, Apt 3B, Bronx, NY 10456.

5. Upon information and belief, that at all times relevant herein, Defendant REPUBLIC OF SENEGAL (hereinafter "SENEGAL"), was and still is a Foreign sovereign State duly recognized as such by the United States Department of State.

6. Defendant Republic of Senegal maintains a PERMANENT MISSION OF SENEGAL TO THE UNITED NATIONS (hereinafter "MISSION") located at 747 3rd Avenue, 21st Floor, New York, New York 10017 in the County, City and State of New York under and by virtue of the Vienna Convention on Diplomatic Relations

1

applicable to the Republic of Senegal, notwithstanding it is not a party to the Convention, by virtue of 22 USC ' 254(b).

7. Upon information and belief, that at all times relevant herein, the Defendant SENEGAL, its agents, servants, officers and employees, owned, operated, maintained, controlled, leased, rented and supervised, the aforesaid MISSION and sub-offices, to wit, MAISON DE SENEGAL MISSION OFFICE located at 229 East 44th Street, New York, NY 10017 as, agencies and/or instrumentalities of Defendant SENEGAL in the County, City and State of New York.

8. Upon information and belief, that at all times relevant herein, the Defendant SENEGAL, its agents, servants, officers and employees, owned, leased, rented, operated, maintained, controlled and supervised the aforesaid MISSION's business, affairs and relations conducted thereof including the possession, maintenance, control, supervision of sub-offices, to wit, MAISON DE SENEGAL MISSION OFFICE and in the County of New York, City and State of New York.

9. Upon information and belief, that at all relevant times hereinafter, the Defendant SENEGAL through and by its Defendant MISSION employed agents, servants, officers and employees who operated, maintained, managed, supervised and controlled the Defendant MISSION thereof, in particular Defendant PAPA GALLO NDIAYE (hereinafter NDIAYE) who was employed by Defendant SENEGAL and/or MISSION as a second counsellor for the Defendant MISSION.

10. Upon information and belief, at all relevant times hereinafter mentioned, and particularly, on or prior to September 29, 2018, Defendant NDIAYE was

2

employed by Defendants SENEGAL and/or MISSION as a Second Counselor responsible for among other things, promoting international candidates and elections to the various bodies of the United Nations, corresponding with various United Nations entities, handling requests for accreditation and assisting delegates at the United Nations,

11. Upon information and belief Defendant NDIAYE did not work for the security of the officials at the Defendant MISSION, nor did he work for security of the MISSION.

## FACTS

12. On or about September 29, 2018 at approximately 4:00 PM Plaintiff was a pedestrian lawfully present at or about the roadway and/or sidewalk immediately abutting the location known as MAISON DU SENEGAL MISSION OFFICE (hereinafter "MISSION OFFICE") at 229 East, 44th Street in the County, City and State of New York.

13. That at the approximate date, time and place, Plaintiff, a political activist and prospective candidate for political office in the Republic of SENEGAL, was properly and lawfully exercising his First Amendment right to protest and contest certain various and sundry policies of the Government of Defendant SENEGAL and in particular, was standing on 44th Street in the roadway approximately twenty to twenty-five feet from the Defendant MISSION OFFICE. All Defendants viewed Plaintiff's exercise of his First Amendment rights as a disturbance.

3

14. That at all times relevant the Plaintiff was exercising his First Amendment right in front of the Mission Office, he was holding a cell phone, attempting to take a video of the Minister of Foreign Affairs and Senegalese Abroad, head of Delegation.

15. That at all times relevant as Plaintiff peacefully stood exercising his First Amendment rights, he observed Defendant NDIAYE emerge and exit from the entrance to Defendant MISSION and walk toward him in a rapid manner, whereupon Defendant NDIAYE then did approach Plaintiff and stood in front of Plaintiff's cell phone in an effort to block Plaintiff from video-taping and or recording the Minister of Foreign Affairs.

16. That at all times relevant Defendants SENEGAL and MISSION admit that NDIAYE did accost Plaintiff by standing in front of his cell phone while Plaintiff was recording the Minister of Foreign Affairs and demanded that he stop recording with his cell phone. Exhibit A Affidavit of Senegalese Ambassador

17. That being alarmed and shocked by Defendant NDIAYE's unconscionable infringement of his first amendment right to stand where he was and video tape and or record the Foreign Minister, Plaintiff insisted that he was lawfully present exercising his right to express his opinions and protest as and for and about and against Defendants, SENEGAL and MISSION.

18. That upon information and belief Defendant NDIAYE did then forcefully seize andor strike Plaintiff's cell phone and/or person and also demanded that Plaintiff stop recording and cease and desist from exercising his right to peacefully assemble and protest as he was, in front of Defendant MISSION

4

OFFICE, as against Defendant SENEGAL.  Exhibit A Affidavit of Senegalese Ambassador

19. That upon information and belief Defendant NDIAYE's sudden violent contact with Plaintiff's person did cause Plaintiff to twist his right knee, injuring the same thereof, and to fall and strike the ground thereat.

20. That the actions of all Defendants were reckless, grossly negligent, negligent, negligent per se and in bad faith, thus giving rise to punitive damages as to all Defendants with the exception of the Defendant SENEGAL.

21. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights under the First Amendment to the Constitution

   b. Life threatening physical injuries, pain and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment for the rest of his life;

   c. economic damages including loss of income; and

   d. Humiliation, embarrassment, and injury to reputation

## AS AND FOR AN FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FOR GROSS NEGLIGENCE
## AGAINST DEFENDANTS, SENEGAL, MISSION AND NDIAYE:

22. That Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 21 of this Complaint as though fully pleaded and re-alleged in their entirety below.

23. Defendant SENEGAL and MISSION had a duty refrain from physically harming those persons lawfully assembled and protesting in front of its MISSION premises by employing properly trained and dedicated security services personnel

5

to maintain an orderly, safe and hazard-free space and/or cordon for lawful protesters in or about its MISSION premises, sufficient to protect and preserve those protesters in and about the premises from any physical harm and or hazard emanating from the subject premises, specifically from violent, untrained, unsupervised employees acting in the scope of their employment, but outside of their official duties.

24.    Defendants, SENEGAL and MISSION owed a duty to Plaintiff to maintain the subject premises of the MISSION and its lawful environs in a safe condition free of any hazard condition, including from their employees acting in the scope of their employment, but outside of their official duties.

25.    Defendants, SENEGAL and MISSION are vicariously liable for Plaintiff's injuries as a result of Defendant, NDIAYE's actions, who Defendants SENEGAL and MISSION knew was not properly trained to address, manage or control Security matters including but not limited to managing peaceful and lawful protests.

26.    That Defendant, NDIAYE, admittedly (See Exhibit A), lacked the required skills and necessary training to essentially act as security personnel, coupled with the negative perception NDIAYE had of the Plaintiff, it was foreseeable that the situation would be handled in a grossly negligent and reckless manner and would likely result in injury to Plaintiff.

27.    That, the actions of Defendant NDIAYE in confronting and making impermissible harmful contact with Plaintiff, Defendants, SENEGAL and MISSION breached their duty of preventing such foreseeable harm.

6

28. That Defendant SENEGAL and MISSION owed a duty to employ reasonable care to protect individuals from assault, abuse, or injury at their hands or those of their servants, employees and agents, including Defendant NDIAYE.

29. Defendants, SENEGAL and MISSION caused the Plaintiff to sustain injuries when they breached their duty to employ reasonable care to protect individuals from assault, abuse, or injury by their servants, employees and agents when they exposed Plaintiff to Defendant, NDIAYE, who subsequently violently struck and pushed Plaintiff to the ground causing physical injury.

30. That Defendants, SENEGAL and MISSION, also had a duty to protect persons including Plaintiff from private violence when the "state" itself has placed the Plaintiff at risk, pursuant to the state-created danger doctrine.

31. That Defendants SENEGAL and MISSION put Plaintiff in a position of danger by facilitating and encouraging the attack at the hands of Defendant NDIAYE and by failing to intervene and protect Plaintiff, SENEGAL and MISSION are jointly liable for tortious conduct of their employees, agents, servants, personnel and or instrumentalities.

32. That the acts and omissions of Defendants, SENEGAL and MISSION, constituted a breach of their duty to refrain from assaulting and or physically harming Plaintiff by an attack from their agents, servants and employees, namely NDIAYE, and by failing to intervene with NDIAYE once he was outside of the MISSION and confronting Plaintiff.

33. This breach caused Plaintiff to sustain legally cognizable physical, emotional and constitutional injuries. .

7

34.     Defendants, SENEGAL and MISSION caused Plaintiff to be injured by their
gross negligence, negligence, recklessness, carelessness and grossly negligent
omissions and/or commissions and by that of its agents, servants and/or
employees, including Defendant NDIAYE, acting within the course and scope of
his employment but outside of his official duties, in that they failed to control,
supervise, monitor, manage, restrain and intervene as against Defendant NDIAYE
from acting in a manner that was inconsistent with his training and duties
thereto, in that he was    admittedly not a properly trained and/or dedicated
security services personnel trained in the proper use of force to maintain an
orderly, safe and hazard-free space and/or cordon in or about its MISSION
premises, sufficient to protect and preserve those protesters, including Plaintiff,
in and about the premises from physical harm emanating from the subject
premises from untrained, unsupervised employees acting in the scope of their
employment but outside of their official duties.

35.     Defendants, SENEGAL and MISSION caused Plaintiff to be injured by their
gross negligence, negligence, recklessness, carelessness and grossly negligent
omissions and/or commissions and by that of its agents, servants and/or
employees including Defendant NDIAYE, acting within the course and scope of
their employment, in that they failed to use due care under the circumstances.

36.     Upon information and belief, Defendants, SENEGAL and MISSION had actual
and constructive notice of Defendant NDIAYE's lack of training and propensity for
violence complained of herein.

8

37. By reason of the negligence of the Defendants, SENEGAL, MISSION and NDIAYE, and without any negligence or fault whatsoever on Plaintiff's' part, Plaintiff suffered personal injuries as previously set forth in paragraph 18 of this complaint.

38. Defendants SENEGAL, MISSION AND NDIAYE's actions were willful, wanton and demonstrated a callous disregard of Plaintiffs' life, health and safety. Their conduct was in violation of the public policy of the State of New York and merits an award of punitive damages.

39. By reason of the foregoing acts of gross negligence by the Defendants, SENEGAL, MISSION and NDIAYE, Plaintiff sustained damages in the sum of $1,000,000.00 and is entitled to punitive and exemplary damages in the amount of $3,000,000.00 as to defendant's MISSION and NDIAYE.

## AS AND FOR A SECOND  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FOR  NEGLIGENCE
## AS AGAINST DEFENDANTS SENEGAL AND MISSION

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1-39 of this complaint as though fully set herein.

41. At the relevant time and place described above Defendants, SENEGAL and MISSION were negligent  in that they failed to control, supervise, monitor, manage and restrain Defendant NDIAYE from acting in a manner that was inconsistent with his training and duties thereto, in that he was  admittedly not a properly trained and/or dedicated security services personnel trained in the proper use of force to maintain an orderly, safe and hazard-free space and/or

9

cordon in or about its MISSION premises, sufficient to protect and preserve those protesters, to wit Plaintiff, in and about the premises from physical harm emanating from the subject premises from untrained, unsupervised employees acting in the scope of their employment but outside of their official duties from the aforesaid subject location and thus failed in its duty to protect and safeguard Plaintiff and/or others similarly situated from known and/or foreseeable harm to be occasioned as a result of such negligence.

42. That Defendants SENEGAL, MISSION and NDIAYE were negligent in their aforesaid performance in that they failed to properly and lawfully address, manage, control and/or supervise a lawful First Amendment protest at or near its subject premises; failed to use proper, sufficient and/or adequate care in managing a lawful First Amendment protest at or near its subject premises; failed to properly instruct its non-security related employees and relevant security personnel regarding the lawful manner by which a lawful protest at or near its premises should be managed and/or controlled without posing a danger and/or hazard to all persons so protesting thereat by such untrained employees; failed to warn persons protesting at or near its subject premises that employees without proper security and protest management related training would be confronting them thereby presenting a potential hazard and/or danger to them; failed to train its employees in the proper, efficient and appropriate techniques and/or procedures involved in managing, controlling, supervising First Amendment protests at or near its subject premises; failed to provide designated employees

with proper training and/or tools to manage and/or prevent falling hazards relating to improper security personnel training.

43. That Defendants, SENEGAL, MISSION and NDIAYE were negligent in their aforesaid performance to properly manage Plaintiff's First Amendment protest at the subject location in that it failed to provide a properly trained security personnel to manage said Plaintiff's protest, maintain the property in a reasonable safe condition to avoid foreseeable injuries, and employ reasonable care to protect individuals from injury at the hands of their servants, employees, and agents, and thus allowed a dangerous and hazardous security-related condition to occur in the subject location causing and creating a dangerous and volatile condition to occur in front of the subject location.

44. That as a result of the foregoing Defendants SENEGAL and MISSION knew and or should have known that their negligence and/or failure regarding the employment of NDIAYE to confront Plaintiff at the subject location, failure to maintain, manage and control the subject location reasonably safe to avoid foreseeable injuries, and failure to protect individuals from injury at the hands of their servants, employees, and agents including Defendant NDIAYE, would result in the creation of a dangerous and precipitous condition and hazard for all those persons including Plaintiff, protesting thereat.

45. That as a direct and proximate result of such negligence by Defendants SENEGAL, MISSION and NDIAYE Plaintiff was caused to be seriously and permanently physically and mentally injured.

11

46.    That as a result of said injury, the Plaintiff was caused to endure extreme pain and suffering, loss of time from work and pay, diminished future earnings and quality of life.

47.    By reason of the foregoing acts of negligence by the Defendants, SENEGAL and MISSION Plaintiff sustained damages in excess of the sum of $1,000,000.00

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS, SENEGAL, MISSION AND NDIAYE:

48.    That Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 47 of this Complaint as though fully pleaded and re-alleged in their entirety below.

49.    That the above described incident of September 29, 2018, by the Defendant SENEGAL through and/or by the actions of its agents, servants, instrumentalities and employees, namely Defendants MISSION and NDIAYE, by negligent infliction of emotional distress injured Plaintiff, when they breached their duty of care to properly train security personnel to manage said Plaintiff's protest and failed to intervene, restrain and or to prevent one of their employees who was not properly trained in proper protest security management in confronting plaintiff; failed to maintain the security to the premises in a reasonable safe condition to avoid such foreseeable injuries; failed to employ reasonable care to protect individuals including Plaintiff who were lawfully protesting in front of their subject premises from injury at the hands of their servants, employees, and agents.

50.   That the aforesaid Defendants knew, or should have known that these persons
including Plaintiff should not have been pushed and/or contacted physically in a
manner inconsistent with said persons' First Amendment rights that resulted in
an unwarranted physical injury to Plaintiff, but knowingly thus engaged in such
negligent conduct which is not expected or to be tolerated in a civilized society.

51.   That the aforesaid defendants in physically harming an individual while he
was exercising his First Amendment right acted in a manner that was extreme or
outrageous as it prohibited him from continuing to exercise his fundamental
rights under the Constitution, thus negligently inflicted emotional distress on
Plaintiff.

52.   Defendants negligently inflicted emotional distress on Plaintiff by violating
Plaintiff's constitutional rights, by interfering with Plaintiff's civil rights by
threats, coercion, or intimidation, or knew or should have known that emotional
distress was the likely result of their conduct.

53.   Defendants' conduct was extreme and outrageous, beyond all possible bounds
of decency and utterly intolerable in a civilized community.

54.   The actions of the Defendants were the cause of Plaintiff's distress.

55. Plaintiff is a reasonable person.

56. The emotional distress sustained by Plaintiff was severe and of a nature that no
reasonable person could be expected to endure. As a result of the Defendants'
extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of
likelihood, will continue to be emotionally distressed due to the Defendants'
negligent conduct.

13

57.   As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

58.   That at all times relevant herein, Defendants MISSION, and NDIAYE were acting within the scope of their employment, under the color of authority, and in furtherance of the interest of their employer and/or principal, Defendant SENEGAL.

59.   That due to Defendant SENEGAL and/or by through its agents and employees' negligent and outrageous conduct, Plaintiff's physical safety was endangered, in that he was injured in mind and body, still suffers and upon information and belief, will continue to suffer extreme and great mental pain, and he was rendered severely emotionally and mentally distressed and so remains.

60.   That such extreme and outrageous conduct shocks the conscience and Plaintiff demands damages therefor from each Defendant acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to him. The acts and conduct of the Defendants were the direct and proximate cause of injury and damages to him and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the United States.

61.   Thus, all the Defendants knew or should have known that their negligent conduct would result in the infliction of severe emotional and psychological distress upon Plaintiff.

62. As a direct and proximate cause of the Defendant's negligent conduct, Plaintiff suffered from severe and permanent emotional and psychological distress, including depression, and mental anguish.

63. That Plaintiff has been damaged and seeks relief and compensation in an amount not in an amount not less than $1,000,000.00 (one million) dollars as to this claim.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND HIS CLAIM FOR NEGLIGENT HIRING AND RETAINING AS AGAINST DEFENDANTS, MISSION AND SENEGAL,

64. That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 63, of this Complaint as though fully pleaded and re-alleged in their entirety below.

65. That the Defendants MISSION and NDIAYE, being instrumentalities, agents, servants and employees, variously and respectively of the Defendant SENEGAL, lacked the experience, deportment and ability to be instrumentalized and employed by Defendant SENEGAL; in that Defendant SENEGAL failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant agents of Defendant MISSION and in particular employee NDIAYE, who lacked the mental capacity and the ability to function as an instrumentality, agent, servant and/or employee variously and respectively of Defendant SENEGAL and MISSION; in that the said Defendant, agents, instrumentalities and employees, lacked the maturity, sensibility and intelligence to be employed by Defendant SENEGAL and

15

MISSION, in that Defendants, SENEGAL and MISSION knew of the lack of ability, experience, training deportment and maturity of said Defendant agent, instrumentalities and employees including Defendant NDIAYE when they established them as agents, employees and/or instrumentalities and/or hired them including Defendant NDIAYE to be employed as Second Counselor ; and, in that Defendant SENEGAL and MISSION, its agents, servants, instrumentalities and/or employees were otherwise careless, negligent and reckless in the operations of Defendant MISSION and/or hiring, supervising and training Defendant NDIAYE.

66.    That Defendant SENEGAL and MISSION knew, or should have known in the exercise of reasonable care, the propensities of Defendant agent and instrumentality, MISSION and employee, Second Counselor, NDIAYE to engage in the wrongful conduct heretofore alleged in this Complaint. Thus, Defendants, SENEGAL and MISSION are alleged to have hired NDIAYE negligently and should be held liable for actions stemming from his propensities.

67.    That Defendants, SENEGAL and MISSION, may be held liable for negligent hiring and retention by placing NDIAYE in a position to cause foreseeable harm or harm that could have been avoided had Defendants taken reasonable care in hiring, training and retaining NDIAYE. Defendants should have taken reasonable care in determining the propensities and tendencies of Defendant, NDIAYE, before employing him in general or asking him to perform an act within the scope of his employment but outside of his official duties. Absent reasonable care taken by Defendants, SENEGAL and MISSION, Defendant NDIAYE's violent conduct was foreseeable and did result in physical harm of the Plaintiff.

68.    That Defendant, SENEGAL and MISSION, and in particular their agents, servants, instrumentalities and employees in their failure to exercise reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the lawful residents and citizens of the State of New York and the United States including, in this instance, Plaintiff.

69.    That the Defendant, SENEGAL was careless and reckless in hiring and retaining its employees employed at the Defendant, MISSION and in particular, Defendant, Second Counselor NDIAYE, in that said Defendant lacked the experience, training, deportment and ability to be employed by the Defendant SENEGAL and MISSION.

70.    That the Defendant SENEGAL and MISSION failed to exercise due care and caution in its hiring and retaining practices, and in particular, in hiring and retaining the Defendant agents, servants and employees of Defendant MISSION and in particular Defendant NDIAYE who lacked the mental capacity and the ability to function as an employee of the aforementioned Defendants, SENEGAL and MISSION; and in that they hired and retained as an employee of their Permanent MISSION to the United Nations individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendant employees lacked the maturity, training, sensibility, and intelligence to be employed by the Defendant SENEGAL; in that the Defendant SENEGAL knew of the lack of ability, experience, deportment and maturity of said Defendant employees, in particular Defendant NDIAYE when they hired them to be employees;

17

and, in that the Defendant SENEGAL their agents, servants and employees were otherwise careless, negligent, and reckless.

71. That the aforesaid occurrence, to wit, the improper and unreasonable hiring and retaining of Defendant Second Counselor, NDIAYE resulted in injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of Plaintiff.

72. That by reason of the aforesaid, the Plaintiff was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great physical and mental pain. He was rendered emotionally and mentally distressed and so remains.

73. That Plaintiff has been damaged and seeks relief and compensation in an amount not not less than $1,000,000.00 (one million) dollars as to this claim.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## AND HIS CLAIM OF NEGLIGENCE IN TRAINING
## AND SUPERVISING AGAINST
## DEFENDANTS, MISSION AND SENEGAL

74. That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 73, of this Complaint as though fully pleaded and re-alleged in their entirety below.

75. That the Defendants MISSION and NDIAYE, being variously, agents, servants, instrumentalities and employees of the Defendant SENEGAL, lacked the institutional and individual experience, deportment and ability to be established and/or employed by Defendant SENEGAL; in that Defendant SENEGAL failed to exercise due care and caution in its supervising and training practices, and in

particular, in supervising and training   Defendant employees of Defendant MISSION, and in particular Defendant NDIAYE in the proper manner by which to manage, supervise, control and otherwise address lawful First Amendment protests at or near its subject premises;  in failing to supervise and train said Defendant employee who otherwise lacked the maturity, sensibility and intelligence to be employed by Defendant SENEGAL; and, in that Defendant SENEGAL, its agents, servants and/or employees were otherwise careless, negligent and reckless in supervising and training said employee in the proper degree of due care which prudent and reasonable individuals would show in addressing such First Amendment protests at or near its subject premises.

76.    Defendant SENEGAL knew, or should have known in the exercise of reasonable care in the supervising and training of said Defendant NDIAYE that he lacked the deportment, maturity, sensibility and intelligence to properly conduct himself from engaging in the wrongful conduct heretofore alleged in this Complaint.

77.    That Defendant SENEGAL, their agents, servants and employees in their failure exercise reasonable care to supervise and train said Defendant NDIAYE and/or other security related personnel to manage, control, supervise and otherwise address such First Amendment protests at or near its subject premises as described above, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the residents and citizens of the State of New York and the United States including, in this instance, the Plaintiff.

19

78.    That the Defendant, SENEGAL was careless and reckless in training and supervising its employees of Defendant MISSION and in particular Defendant NDIAYE in that said Defendants failed to determine that said Defendant NDIAYE lacked the experience, deportment, maturity, sensibility and intelligence to be trained and/or supervised to conduct security related duties by the Defendant as described above and yet Defendant SENEGAL and MISSION permitted Defendant NDIAYE to make unreasonable and unwarranted contact with the person of the Plaintiff .

79.    That Defendants, SENEGAL and MISSION, failed to provide adequate supervision which would have revealed Defendant, NDIAYE's violent propensities and put Defendants, SENEGAL and MISSION on notice of NDIAYE's likelihood to engage in the offensive and distasteful conduct that deviates grossly from the accepted norms of society.

80.    That if Defendants SENEGAL and MISSION had provided adequate supervision to Defendant, NDIAYE's actions would have been foreseeable and expected to occur, which supervision could have    prevented the injuries that Plaintiff sustained.

81.    That the aforesaid occurrence, to wit, the unreasonable and improper manner by which Defendant NDIAYE did conduct himself by violently confronting Plaintiff was the result of the improper and unreasonable training and supervising of such an employee and resulted injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendant SENEGAL,

its agents, servants instrumentalities and employees without any negligence on the part of the Plaintiff .

82.    That by reason of the aforesaid, Plaintiff was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered emotionally and mentally distressed and so remains.

83.    That Plaintiff has been damaged and seeks relief and compensation in an amount not in an amount not less than $1,000,000.00 (one million) dollars as to this claim

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF MR TOUNKARA FOR HIS CLAIM OF PRIMA FACIE TORT AS AGAINST DEFENDANTS SENEGAL, MISSION AND NDIAYE

84.    That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 82 of this Complaint as though fully pleaded and re-alleged in their entirety below.

85.    That the above described actions of the Defendant SENEGAL, by and through its agents, servants, instrumentalities and employees, including Defendants MISSION and NDIAYE did intentionally inflict unwarranted physical and psychological harm upon Plaintiff which resulted in special damages, to wit he suffered from damaged tendons and ligaments in the right knee requiring surgery; he was unable to continue to exercising his First Amendment rights for over 3 months; was unwarrantedly thwarted from purposefully and lawfully opposing the

21

government of SENEGAL's policies and practices regarding its human rights violations among other wrongful acts of governance; was unable to work and/or be employed as he once was, and that further such injury occasioned to Plaintiff was with malice and without any excuse or justification when said Defendants' employees, agents, servants and personnel, did unlawfully among other things, impermissibly sought to harass, intimidate, violently suppress lawful political dissent and most egregiously, deny Plaintiff his First Amendment rights, and thus assaulted, beat and harassed him, causing him to fall to the ground at or near the Defendant's subject premises and to suffer physical and psychological harm thereto.

86. That Defendants, SENEGAL and MISSION acted so when they had duty of care to avoid such acts and knew, or should have known, that these acts were wrong and malicious and not to be expected or to be tolerated in a civilized society.

87. That the acts of the Defendant, SENEGAL and MISSION through its employees and agents was done solely with intent to inflict injury upon the Plaintiff, and did so; that said acts were unjustified and caused the Plaintiff to incur special damages as described herein; that said acts of Defendants to manage, control, supervise Plaintiff's First Amendment protest, would, if done without the intent to harm and injure the Plaintiff and done in a reasonable, civilized and proper manner be otherwise lawful and proper where said Defendants were threatened and/or facing violence on the part of Plaintiff during his protest.

88. That the acts of pushing, assaulting, beating, harassing, intimidating and violently suppressing lawful political protest of Plaintiff by Defendants was unlawful and constitute a Prima Facie tort under the laws of the State of New York.

89. That Defendants, SENEGAL & MISSION, breached their duty to protect Plaintiff by failing to intervene after creating a danger by exposing Plaintiff to NDIAYE. This breach is indicative of an intent to cause intentional harm because Defendants did not act in order to prevent injury or any further injury. Defendants knew or should have known that their failure to act would and did cause the Plaintiff to sustain legally cognizable injuries. Defendant's actions, without excuse and justification, evinces an intent to cause harm and caused harm, thereby constituting a prima facie tort.

90. That Plaintiff has been damaged and seeks relief and compensation in an amount not less than $10,000,000.00 (ten million) dollars as to this claim.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants SENEGAL, MISSION and NDIAYE in an aggregate amount of not less than $22,000,000.00 (twenty two million) dollars and punitive damages as to Defendants MISSION and NDIAYE, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

Dated: New York New York
        September 27, 2021

REHAN NAZRALI, Esq.
299 Broadway, 17th Floor
New York, NY 10007
Tel: (646)331-9378