```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ELHADJI OUSMANE TOUNKARA,

                              Plaintiff,

            -against-                                     21-cv-08027 (LAK) (RWL)

REPUBLIC OF SENEGAL, PERMANENT MISSION OF
SENEGAL TO THE UNITED NATIONS, and PAPA GALLO
NDIAYE,

                              Defendants.
------------------------------------------x
```

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, Elhadji Ousmane Tounkara, brought this action against the Republic of Senegal, the Permanent Mission of Senegal to the United Nations (the "Mission"), and an employee of the Mission, Papa Gallo Ndiaye. Mr. Tounkara seeks damages for alleged negligence, negligent hiring and retention, negligent training and supervision against the Republic of Senegal and the Mission, as well as for alleged gross negligence, negligent infliction of emotional distress, and *prima facie* tort against all three defendants. His claims arise from an alleged incident that occurred outside of the Mission, where Mr. Tounkara alleges he attempted to record a video as part of a protest and Mr. Ndiaye allegedly demanded he stop recording and allegedly violently confronted him, resulting in alleged physical injury to Mr. Tounkara and other alleged harm. In a report and recommendation dated December 20, 2022, Magistrate Judge Robert W. Lehrburger recommended that the Court grant the defendants' motion to dismiss the action. No objections were filed.

Defendants' motion to dismiss the action (Dkt 27) is granted with respect to Mr. Tounkara's claims against the Republic of Senegal and the Mission substantially for the reasons set forth in Magistrate Judge Lehrburger's report and recommendation. Mr. Tounkara's claims against those defendants therefore are dismissed with prejudice.

I adopt also Magistrate Judge Lehrburger's findings and conclusions with regard to the lack of federal question jurisdiction over Mr. Tounkara's claims against Mr. Ndiaye. Nevertheless, a different outcome is appropriate with respect to these claims.[1]

*Jurisdiction Under 28 U.S.C. § 1351*

First, Mr. Ndiaye was employed as a counsellor of the Mission and submitted an affirmation from Senegal's Head of Mission and Ambassador as evidence of his status as a diplomat.[2] Pursuant to Section 1351 of Title 28 of the United States Code, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of all civil actions and proceedings

---

[1] A federal court has an independent obligation to resolve an issue of subject matter jurisdiction regardless of whether it was raised by the parties. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir. 1997) ("[A] challenge to subject matter jurisdiction cannot be waived and may be raised [either by motion or] *sua sponte* at any time.") (second alteration in original) (internal quotation marks and citation omitted); *Sekiguchi v. Long*, No. 3:13-cv-01223 (CSH), 2013 WL 5357147, at *1 (D. Conn. Sept. 25, 2013) ("[A] federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it."). It "has [also] a 'virtually unflagging obligation[]' to assert jurisdiction where it has that authority."*Mata v. Lynch*, 576 U.S. 143, 144 (2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[2] Dkt 33-1.

against . . . (2) members of a mission or members of their families (as such terms are defined in section 2 of the Diplomatic Relations Act)."[3] Section 2 of the Diplomatic Relations Act defines "members of a mission" as, *inter alia*, "(A) . . . members of a mission who are members of the diplomatic staff . . . , (B) members of the administrative and technical staff of a mission, and (C) members of the service staff of a mission."[4]

Mr. Tounkara therefore has alleged facts sufficient to establish jurisdiction under Section 1351. "Jurisdiction under section 1351, however, may be limited by statute or treaty, such as the [Foreign Services Immunities Act] or the Vienna Convention."[5] Magistrate Judge Lehrburger recommended denying Mr. Ndiaye's claim of diplomatic immunity pursuant to the Vienna Convention on the ground that he did not submit evidence that his diplomatic status has been recognized by the United States, which is required to confer such immunity.[6] In further proceedings, Mr. Ndiaye may, if he wishes, submit evidence demonstrating that he has diplomatic immunity.

*Diversity Jurisdiction*

Second, this Court may have diversity jurisdiction over Mr. Tounkara's claims against Mr. Ndiaye. Magistrate Judge Lehrburger concluded that there is no basis for diversity jurisdiction

---

[3] 28 U.S.C. § 1351.

[4] 22 U.S.C. § 254a.

[5] *Johnson v. U.K. Gov't*, 608 F. Supp. 2d 291, 295 (D. Conn. 2009).

[6] Dkt 36 at 11-12.

because Mr. Tounkara "has neither pled diversity jurisdiction nor the facts to sustain it."[7] However, even when a plaintiff has "not assert[ed] diversity jurisdiction as a basis for this Court's jurisdiction over this matter, '[t]his court must liberally construe plaintiff['s] complaint 'to determine whether the facts set forth justify taking jurisdiction on grounds other than those most artistically pleaded.'"[8]

Federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of a State and citizens or subjects of a foreign state."[9]

Mr. Tounkara seeks far more than the minimum amount-in-controversy requirement. For intentional infliction of emotional distress (his *prima facie* tort claim) alone, he seeks $10 million as compensation for, *inter alia*, alleged "damaged tendons and ligaments in the right knee requiring surgery" and allegedly being unable to be employed as he once was as a result of Mr. Ndiaye's alleged attack on him.[10] "When analyzing whether the amount in controversy requirement of diversity jurisdiction is satisfied on a motion to dismiss, the sum claimed by the plaintiff controls if that claim is apparently made in good faith. . . . 'It must appear to a legal certainty that the claim

---

[7] Dkt 36 at 20.

[8] *Cicle Francesco Moser, S.R.L. v. Cannondale USA, Inc.*, 12 F. Supp. 2d 320, 322 n.6 (S.D.N.Y. 1998) (quoting *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 84 (2d Cir.1990)); *see also Katzel v. Am. Int'l Grp.*, No. 20-cv-7220 (AKH), 2022 WL 17251362, at *1 (S.D.N.Y. Nov. 28, 2022) ("The fact that Plaintiff did not assert diversity jurisdiction is of no moment. It is well-established in this Circuit that a Court may find diversity jurisdiction on a motion for reconsideration.").

[9] 28 U.S.C. § 1332(a)(2).

[10] Dkt 4 (Cpt.) at 21-23.

is really for less than the jurisdictional amount to justify dismissal.'"[11] There is no claim or evidence that Mr. Tounkara alleged the sum of monetary damages he claims he is entitled to in bad faith.

There is insufficient information to determine whether the other requirement, that the plaintiff and defendant are of diverse citizenship, is satisfied. "Federal diversity jurisdiction exists in controversies between citizens of the United States and citizens of a foreign state pursuant to 28 U.S.C. § 1332(a)(2)."[12] The complaint alleges that Mr. Tounkara is a resident of the Bronx, but does not allege that he is a *citizen* of the Bronx (or of the United States). "[A] statement of the parties' residence is insufficient to establish their citizenship."[13]

As for Mr. Ndiaye, he was a counsellor of the Mission and allegedly "had [] diplomatic status" "[d]uring his assignment at the Mission."[14] It therefore is entirely likely that he is a citizen of the Republic of Senegal. Nevertheless that has not been alleged or proven.

*Conclusion*

For the foregoing reasons, defendants' motion to dismiss (Dkt 27) is granted to the extent that Mr. Tounkara's claims against the Republic of Senegal and the Mission are dismissed for lack of subject matter jurisdiction. It is denied without prejudice with respect to Mr. Tounkara's

---

[11] *Pena v. Gen. Motors Fin. Co. Inc.*, No. 20-CV-09294 (NSR), 2022 WL 889434, at *2 (S.D.N.Y. Mar. 25, 2022) (citation omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[12] *Cedec Trading Ltd. v. United Am. Coal Sales, Inc.*, 556 F. Supp. 722, 723 (S.D.N.Y. 1983).

[13] *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

[14] Dkt 33-1 at 2.

6

claims against Mr. Ndiaye, over which this Court may have subject matter jurisdiction dependent upon further evidence and/or argument by the parties as discussed above. Any evidence or argument the parties may elect to submit will be considered in the first instance by Magistrate Judge Lehrburger. Defendants' request for sanctions also is denied substantially for the reasons set forth in Magistrate Judge Lehrburger's report and recommendation.

       SO ORDERED.

Dated:     March 29, 2023

                                                        Lewis A. Kaplan
                                               United States District Judge