USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELHADJI OUSMANE TOUNKARA,                          :
                                      Plaintiff,   :         21-CV-8027 (LAK) (RWL)
                                                   :
              - against -                          :         **ORDER**
                                                   :
REPUBLIC OF SENEGAL, et al.,                       :
                                                   :
                                    Defendants.    :
-----------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

        The Court held an evidentiary hearing and argument on the issues of subject
matter jurisdiction, diplomatic immunity, and diversity of citizenship. At the end of the
hearing, the Court raised certain issues for which the parties will submit further briefing.
Plaintiff shall file his brief, not to exceed 15 pages, by July 27, 2023; Defendant shall file
his brief, not to exceed 15 pages, by August 28, 2023; Plaintiff shall file his reply, if any,
not to exceed 7 pages, by September 12, 2023. The issues which the briefing should
address are the following:

        1.      28 U.S.C. § 1351 gives federal courts exclusive jurisdiction over cases
against members of missions. For purposes of Section 1351 jurisdiction, is the relevant
time of membership in the mission the date when the alleged misconduct occurred or
when the complaint was filed or some other time? *See, e.g., Jimenez v. Delgado*, 978 F.
Supp.2d 726, 731 n.5 (S.D. Tex. 2013); *Politis v. Gavriil*, No. H-08-2988, 2008 WL
4966914 (S.D. Tex. Nov. 19, 2008); *Koeppel & Koeppel v. Federal Republic of Nigeria*,
704 F. Supp. 521 (S.D.N.Y. 1989). In other words, if the Court finds that Defendant was

1

no longer a member of the mission after December 2019, would Section 1351 jurisdiction apply based on when the alleged misconduct occurred, i.e., in September 2018; or would Section 1351 jurisdiction not apply because the complaint was filed in September 2021 after the termination of Defendant's term with the mission, or is some other date relevant?

2.      There are several statutory provisions and agreements that potentially govern determination of diplomatic immunity in this case.  The parties should address the applicability or inapplicability of the following with respect to diplomatic immunity and scope of immunity in this case: (i) 22 U.S.C. § 254 (the Diplomatic Relations Act); (ii) the Vienna Convention on Diplomatic Relations; (iii) the Agreement Between the United Nations and the United States of America Regarding the Headquarters of the United Nations (*see particularly* Article V, Section 15); (iv) the Convention on Privileges and Immunities of the United Nations (*see particularly* Article IV, Section 11 and Article V, Section 18); (v) 22 U.S.C. § 288 (the International Organizations and Immunities Act); and (vi) any other statute, convention, or treaty the parties contend is relevant.

3.      Whatever provisions apply, is immunity determined at the time of the alleged misconduct or when the complaint was filed or some other time?  In other words, if the Court finds that Section 1351 jurisdiction applies and that Defendant was no longer a member of the mission after December 2019, is the extent to which Defendant may have diplomatic immunity determined as of the date of the alleged misconduct, the date the complaint was filed, or some other date?

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 28, 2023
        New York, New York

Copies transmitted this date to all counsel of record.